## Matter of First & Riv. LLC v Board of Mgrs. of the Horizon Condominium

2024 NY Slip Op 34319(U)

December 5, 2024

Supreme Court, New York County

Docket Number: Index No. 157242/2024

Judge: Jeffrey H. Pearlman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 44M

---------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF FIRST AND
RIVER LLC

                         Petitioner,

                  - v -

THE BOARD OF MANAGERS OF THE HORIZON
CONDOMINIUM,

                         Respondent.

---------------------------------------------------------------------------X

| INDEX NO. | 157242/2024 |
| --- | --- |
| MOTION DATE | 08/07/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

HON. JEFFREY H. PEARLMAN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57

were read on this motion to/for           MISC. SPECIAL PROCEEDINGS

      This is a Matter that more closely resembles a trespass to property with damages, plus less than good faith negotiations by the Petitioner in relation to the parties' adjoining structural wall. Nonetheless, the matter before the Court is an application pursuant to Real Property Actions and Proceedings Law (RPAPL §881) to ensure the safety on and around the Respondent's property during the pendency of Petitioner's "Project." After consideration of the facts presented in evidence and the testimony at four separate hearings, the Court was unable to bring next-door neighboring parties to a mutually acceptable agreement.

      This is a Special Proceeding seeking an Order and Judgment granting access by the Petitioner to an adjoining property controlled by the Respondent pursuant to RPAPL § 881. The Petitioner seeks to improve upon the property it owns. The work not only directly impacts the structure of its neighbor's real property, the Petitioner also needs to gain access next-door in order

[* 1]

to provide overhead vehicle and pedestrian protection at the street level as well as protection of Respondent's common courtyard on the second floor of the premises during the construction period, which is expected to last fifteen (15) months. Therefore, Petitioner seeks license to come upon its neighbor's property to install the requisite safety protections.

Petitioner's premises is located at 650 1st Avenue, New York, New York 10016 and designated in the Tax Map of the City of New York as Block 969, Lot 1 (the "Site"). It commenced a project that involved the demolition, renovation, and expansion of the Project Premises (the "Project"), including the partial demolition of the third through eighth floors of the Project Premises. Respondent is the owner of the premises located at 415 East 37th Street, New York, New York 10016, designated in the Tax Map of the City of New York as Block 969, Lots 1001, 1002-1412 (the "Adjacent Premises"), which is adjacent to the Site and is affected by the work on the project.

Prior to the demolition activities of the Project, the West façade of the Adjacent Premises adjoined and abutted the Project Premises, such that when Petitioner demolished portions of the building on the Project Premises, it exposed portions of the West façade of the Adjacent Premises to the elements. Upon the Respondent's realization that shared walls were affected, and upon their request, Petitioner permitted Respondent's agent to inspect the prior work done on the Project. The inspection revealed that the waterproofing work, already applied to Respondent's property, raised a number of concerns. It is important to note that the particular work that occurred on Respondent's building was done without permission or with an agreement as to protocols. See NYSCEF Doc. 18.

Respondent, alleging the Petitioner's less than good faith in their pleadings and on the record, stated that the parties did not reach an agreement on the terms of access to date, because

157242/2024   IN THE MATTER OF THE APPLICATION OF FIRST AND RIVER LLC vs. THE
BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM
Motion No. 001

Page 2 of 10

[* 2]                                    2 of 10

Petitioner has failed to act in a reasonable and transparent manner. Respondent alleges that Petitioner attempted to do the project work without their knowledge until confronted with a stop work order. Respondent further alleged that Petitioner trespassed on their property and applied waterproofing material to their real property without their consent.

As negotiations between the parties fell apart regarding the Project, Petitioner filed this RPAPL §881 Special Proceeding in order to gain access to the Adjacent Premises to perform the following work:

> (a) install, maintain, and remove temporary overhead protection over a portion of the driveway of the Adjacent Premises during the Project;
> (b) install, maintain, and remove temporary roof protection and a controlled access zone over a portion of the terrace at the Adjacent Premises during the Project;
> (c) install waterproofing on a portion of the exterior wall of the Adjacent Premises exposed by the Project; and
> (d) together with all such other and further relief as this Court deems just and proper.

See, NYSCEF Doc. 1.

When this Court authorizes and Orders an RPAPL §881 license, it must be upon such terms as justice requires. It is solely issued in order for a property owner to gain access to the adjoining property in order to improve or repair their property. Thus, this Court is mindful that its role is to grant access because both of the parties have failed to reach an agreement. This proceeding should not be intended as a weapon for overreach or an attempt to use the court to avoid negotiating in good faith. See, *2225 46th Street, LLC. v. Giannoula Hahralampopoulos*, 2017, 55 Misc.3d 621, 46 N.Y.S.3d 772.

The purpose of Petitioner's requested access is to protect the Adjacent Premises as required by the New York City Building Code (the "Code") and the New York City Department of

157242/2024  IN THE MATTER OF THE APPLICATION OF FIRST AND RIVER LLC vs. THE                Page 3 of 10
BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM
Motion No. 001

3 of 10

[* 3]

Buildings ("DOB") during the Project. These protections, requested by this application, are legally required.

Proper performance of the Code-mandated waterproofing work, of Respondent's building, is of critical importance because Petitioner's demolition impaired the waterproof integrity of the Adjacent Premises' West façade. Per the Code the Petitioner is required to permanently waterproof the Adjacent Premise' West exposed façade wall to restore the waterproof integrity.

Specifically, Section 3309.9 of the Code states in pertinent part:

Weatherproof integrity of adjoining buildings. Where the waterproof integrity of an adjoining wall or building has been impaired due to construction or demolition operations, the person causing the construction or demolition operations shall, at his or her own expense, provide all necessary measures to permanently waterproof the adjoining wall or building in order to establish or restore the weatherproof integrity of such adjoining wall or building.

Ultimately because of the failed negotiations, Petitioner filed this proceeding seeking an Order and Judgment granting access to an adjoining property pursuant to RPAPL § 881 in connection with the Project. These license terms should be "addressed to the sound discretion of the court, which must apply a reasonableness standard in balancing the potential hardship to the applicant if the petition is not granted against the inconvenience to the adjoining owner if it is granted." *Queens Theater Owner, LLC v. WR Universal, LLC*, 192 A.D.3d 690, 139 N.Y.S.3d 844, 845 (2d Dept. 2021). The obvious and reasonable issues described above are what the Court should consider, as it relates to:

- the nature and extent of the requested access,
- the duration of the access,
- the needed protections for the adjoining property,
- the lack of an alternative means to perform the work,
- the public interest in the completion of the project, and
- the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion.

*Id.* at 845.

157242/2024  IN THE MATTER OF THE APPLICATION OF FIRST AND RIVER LLC vs. THE
BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM
Motion No. 001

Page 4 of 10

At the hearings before the Court, where both parties regularly stated and reiterated on the record that progress was being made, little was accomplished. Eventually at the commencement of the October 7th hearing – on the record, Petitioner claims there was no longer any efforts to negotiate.

Therefore, the Court must decide and make this Order. In it, the Court has "consider[ed] the competing interests of the adjoining landowners, as well as the interests of the public at large." (internal citations omitted) *Ponito Residence LLC v 12th St. Apt. Corp.*, 38 Misc 3d 604, 612 [Sup Ct 2012].

The Court finds based upon the principles of equity that Petitioner must reimburse Respondent for any professional fees incurred because of Petitioner's Project, as well as partial attorneys' fees. The payment of attorneys' fees are necessary, especially because a significant portion of Respondent's funds were expended explaining the facts of this Matter in opposing the relief sought in the Petition. Petitioner only has itself to blame for this liability because the open issues could have (and should have) been resolved without judicial intervention. Further, Petitioner rejected the overture to agree to an adjournment of the return date so that the parties could attempt to reach an access agreement before Respondent expended material sums on professional fees responding to the Petition.

There does not appear to be any other way besides providing a license pursuant to RPAPL § 881, since there is no practical means of encapsulating adjoining properties to afford absolute protection during the pendency of the Project, against a mishap, without accessing the adjoining property to provide for the adequate safety measures needed to conduct the work.

While the parties do not dispute the need, based upon the AFFIDAVIT OF FADY S. HABEEL, P.E. (NYSCEF Doc. 5), retained by the Project's contractor to, among other things,

157242/2024 IN THE MATTER OF THE APPLICATION OF FIRST AND RIVER LLC vs. THE        Page 5 of 10
BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM
Motion No. 001

[* 5]                                                                5 of 10

design and prepare protection drawings, including drawings identifying temporary protections to be install upon adjacent properties in connection with the partial demolition and renovation of the existing building (the "Project") there was shown a need for:

1. Roof Protection, and
2. Overhead Protection.

This testimony satisfies the requirements the Court needs for this Matter to proceed.

The testimony of the parties at the hearings displayed the less than good faith actions of the Petitioner prior to engaging in any negotiations, where they sought to waterproof portions of Respondent's West façade without their consent or knowledge. Moreover, after the initial waterproofing application was deemed to be less than sufficient and did not meet the requirements of the manufacturer's warranty, the Court sees no other solution than to require the Petitioner to make the Respondent whole. This means completing the waterproofing to the Respondent's satisfaction that the work, in relation to the Project, affecting their real property, meets at a minimum, the manufacturers' warranty. Further, at a minimum, the workmanship must be done at the standards required by a reasonable and amicable next-door neighbor. In order for this to be done to the satisfaction of Respondent, the Court here will exercise its discretion in granting a $4,000.000 monthly license without escalators to Petitioner to access the neighboring Respondent's building in order to install overhead roof and terrace protections in connection with Project work being done to Petitioner's building, while also ensuring that Respondent's waterproofing requirements are met. The parties do not dispute that there were equally effective methods of protection based up the discussions that occurred via email. See NYSCEF Doc. 15.

The waterproofing material, in which Petitioner essentially trespassed to install without the Respondent's knowledge, initially was not sufficiently applied. As stated in the AFFIDAVIT OF LAUANA M. LINS RODRIGUES, AIA, LEED AP BD+C (NYSCEF Doc. 30), in relation to the

157242/2024 IN THE MATTER OF THE APPLICATION OF FIRST AND RIVER LLC vs. THE BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM
Motion No. 001

Page 6 of 10

6 of 10

[* 6]

waterproofing, additional work is necessary to ensure that the area of the Respondent premises' that had been exposed due to the Petitioner's Project "can withstand the elements to which it was previously protected from prior to the Project's commencement." NYSCEF Doc. 30, page 4. LAUANA M. LINS RODRIGUES further stated that "[F]ailure to properly perform the Waterproofing Work is particularly problematic because it leads to water infiltration into the Adjacent Property after the Project is completed, which could damage the Adjacent Premises' structural integrity and cause leaks into the residential units therein." NYSCEF Doc. 30, page 4.

With regard to the Waterproofing Warranty by the Manufacturer, SIKA, both sides concurred with the manufacturer that in order for it to warranty the application of its product additional applications were necessary. After testing by SIKA, one of the sections of Respondent's wall failed the adhesion test. Every section, in fact, needed an additional application of waterproofing due to the fact that the thickness was insufficient. Moreover, certain purging had to be redone as well. Therefore, the Petitioner shall cover the entirety of the expenses of Respondent's architects and engineers who reviewed the Project work of the Petitioner and demanded changes. "A court may also require that the licensee fulfill additional terms as a condition of the license, including posting a bond, [paying periodic license fees, and] obtaining insurance coverage." Matter of CRP/Extel 99 West Side L.P. v. 808 West End Avenue LLC supra at 2; see also Deutsche Bank Trust v. 120 Greenwich Dev. Assoc. supra at 3. Ponito Residence LLC v. 12th St. Apartment Corp., 38 Misc. 3d 604, 612, 959 N.Y.S.2d 376, 383 (Sup. Ct. 2012). Here the additional terms shall include the completion of the waterproofing to the Respondent's satisfaction and in compliance with the manufacturers warranty.

The inclusion of partial attorneys' fees in this matter is warranted because of the nature of this proceeding and the extent to which Petitioner's action caused Respondent to address the needs

of its building and residence, as Petitioner trespassed and essentially caused damage to the Respondent's property that needed to be immediately addressed. This all occurred before properly engaging in appropriate discussions in relation to the Project. In deciding whether justice requires attorneys' fees, either for negotiating an agreement or in opposing a petition pursuant to RPAPL §881, the court must balance the equities. The Court considers both the extent to which the access sought interferes with the owners use and enjoyment of the property, as well as the risks it poses to the property. Plus, the Court considers the complexities to which the access sought presented in drafting this particular license. Also, any attorneys' fees included as a condition of a license should be proportional to the size and scope of the project. Based upon these global considerations, reasonable attorneys' fees to be paid to Respondent by Petitioner are justified in this case in the amount of $35,000.00.

Petitioner's lack of transparency, reluctance to address the Respondent's building's basic minimum waterproofing warranty standards to the newly exposed walls caused by Petitioner's Project forced Respondent to retain counsel to address their needs. *See Matter of N. 7-8 Inv'rs, LLC v Newgarden, 43 Misc 3d 623, 632 [Sup Ct 2014]*. In that Matter, the Court determined that inclusion of attorneys' fees is not necessarily warranted in all 881 situations, but whether justice requires attorneys' fees, either for negotiating an agreement or in opposing a petition pursuant to RPAPL 881. Attorneys' fees are justified in this case because Petitioner's actions preceding this Special Proceeding that affected Respondent's property without notice, as well as the demand to access Respondent's property for safety purposes, required Respondent to hire an attorney to negotiate more than just this license agreement. The situation in this case was made more complex in that it involved not simply accessing respondent's property in order to work on petitioner's

157242/2024   IN THE MATTER OF THE APPLICATION OF FIRST AND RIVER LLC vs. THE
BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM
Motion No. 001

Page 8 of 10

[* 8]

8 of 10

property, but also to do work on respondent's property. Here to specifically, and additionally to weatherproof the West façade respondent's real property.

Finally, Respondent should not bear any of the risks of any type of accident or other related issue that occurs as a result of Petitioner's Project, and the terms of indemnification should reflect that. As it relates to insurance and indemnification the Court should ensure that the full risk is shifted to the owner seeking a temporary license, as this is required by the governing statute. Thus, Petitioner is required to bear the full costs, in the event that there is any third-party liability that is not covered by insurance or that is in excess of any insurance limits. See, RPAPL §881. Petitioner also must ensure that Respondent and its representatives and unit owners will be provided with the requisite coverage under the insurance maintained by Petitioner and their contractors. Therefore, Petitioner shall deliver to Respondent an insurance and indemnification agreements as is stated in the form annexed as Respondent's Exhibit "N", which is NYSCEF Doc. 45.

Accordingly, and as stated for the reasons above it is,

**ORDERED** that this action is converted to a Special Proceeding under RPAPL § 881; and it is further,

**ORDERED**, that Petitioner is to pay Respondent a monthly license fee of $4,000.00 per month from the period commencing from the date of this Order through the final month of Petitioner's Project completion, which is expected to take fifteen (15) months; and further, it is hereby,

**ORDERED**, that Petitioner, First and River is hereby granted such license pursuant to RPAPL § 881 to enter only that portion of Respondent's Property necessary for the purpose of, attaining proper warranty coverage of waterproofing material on exposed portions of the west façade, maintaining the sidewalk bridge and additional safety scaffolding over the terrace common areas; and it is further

157242/2024 IN THE MATTER OF THE APPLICATION OF FIRST AND RIVER LLC vs. THE
BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM
Motion No. 001

Page 9 of 10

9 of 10

**ORDERED,** that Petitioner also must pay Respondent's engineers and architect fees for the purposes of reviewing and approving of Petitioner's waterproofing of the West façade. The Court deems these costs to be reasonably necessary to ensure that the Petitioner's Project work makes Respondent's property whole, and also so the Project work does not endanger their residents and their property. Such additional costs and fees are supplemental to the license and has been determined based upon the actions of the parties prior to the commencement of this Matter and from the testimony of the parties at hearings, and in the exercise of the Court's discretion. Those costs are in connection with the review of the Project plan, review of the Protection Drawings and waterproofing work in response to the Proceeding, amounting to the sum of $26,735.00, according to the Exhibits presented.

And, finally, because of the less than good faith approach by the Petitioner in undertaking inadequate and incomplete work, which directly affects Respondent's property as well as Petitioner's failure to come to reasonable license terms based upon their actions and lack of transparency during the Project, it is,

**ORDERED,** that Petitioner pay the partial costs of Respondent's attorneys' fees in the amount of $45,486.00, based upon the Exhibits presented, in order to defray the inordinate amount of unnecessary legal costs to the Respondent that was solely caused by the Petitioner's actions and omissions.

|  |  |  |  |
|---|---|---|---|

**12/05/2024**
DATE

JEFFREY H. PEARLMAN, J.S.C.

CHECK ONE:

| | |
|---|---|
| [X] CASE DISPOSED | [ ] NON-FINAL DISPOSITION |
| [ ] GRANTED  [ ] DENIED | [X] GRANTED IN PART  [ ] OTHER |

APPLICATION:

| |
|---|
| [ ] SETTLE ORDER  [ ] SUBMIT ORDER |

CHECK IF APPROPRIATE:

| |
|---|
| [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE |

**157242/2024  IN THE MATTER OF THE APPLICATION OF FIRST AND RIVER LLC vs. THE
BOARD OF MANAGERS OF THE HORIZON CONDOMINIUM
Motion No. 001**

Page 10 of 10

[* 10]

10 of 10